IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRENDA COGHLAN § | |
| Plaintiff § | |
| § | |
| v. § | |
| § | No. 4:12-cv-2703 |
| BLUE CROSS BLUE SHIELD OF TEXAS, § | |
| A DIVISION OF HEALTH CARE SERVICE § | |
| CORPORATION, A MUTUAL LEGAL § | |
| RESERVE COMPANY § | |
| Defendant | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26 (f) FEDERAL RULES OF CIVIL PROCEDURE

Defendant Blue Cross Blue Shield of Texas, a division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSTX"), and Plaintiff, Brenda Coghlan, respectfully submit the following Joint Discovery/Case Management Plan.

**1.     State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

The parties conferred on October 3, 9, 10 and 12, 2012. Matt Finkelstein attended for Plaintiff. Andrew F. MacRae attended for Defendant.

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.     Briefly describe what this case is about.**

Plaintiff alleges that BCBSTX improperly failed to pay benefits under a health benefits policy. Plaintiff alleges that the care she received was not maternity care, for which no benefits are payable under the policy, but was either emergency care or care for "complications of pregnancy," both of which are covered under the policy. Plaintiff has alleged claims for violations of the Texas Insurance Code, breach of contract, breach of the duty of good faith and fair dealing, negligence, and deceptive trade practices. She seeks actual damages, statutory damages, punitive damages and attorney's fees. BCBSTX contends that Plaintiff's claims for benefits were properly adjudicated.

4.  **Specify the allegation of federal jurisdiction.**

    Diversity jurisdiction.

5.  **Name the parties who disagree and the reasons.**

    Plaintiff.  She contends there is no diversity between the parties.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    No additional parties are anticipated at this time.

7.  **List anticipated interventions.**

    No interventions are anticipated at this time.

8.  **Describe class-action issues.**

    None.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The parties have agreed to exchange initial disclosures by November 15, 2012.

10. **Describe the proposed agreed discovery plan, including:**

    a.  **Responses to all the matters raised in Rule 26(f).**

    No changes need to be made to the form or requirement for disclosures under Rule 26(a). The parties have agreed to exchange disclosures by November 15, 2012.

    Plaintiff intends to conduct discovery, generally, on BCBSTX's handling of her claim for benefits and BCBSTX's conduct pursuant to the laws of the State of Texas and her contract of insurance. BCBSTX intends to conduct discovery, generally, on Plaintiff's contentions that her claims were improperly denied; why she contends benefits are payable; and damages.

    Discovery need not be conducted in phases or be limited or focused on particular issues other than those that are relevant or calculated to lead to the discovery of admissible evidence.

    There are no known disputed issues about discovery of electronically stored information. The only privileged materials the parties currently anticipate exchanging during discovery are BCBSTX documents that may be applicable to the circumstances of this case, which may be considered confidential and proprietary.  BCBSTX accordingly may request that the court issue a protective order.  The parties do not foresee any additional

issues regarding claims of privilege. However, in the event of inadvertent production of attorney-client privileged information, the parties will follow the procedures outlined by Fed. R. Evid. 502; the parties also request that the Court issue an order providing that inadvertent production of privileged and/or confidential information does not constitute waiver of the privilege.

No changes need be made to the limitations on discovery imposed under the rules of civil procedure or local rule.

**b.     When and to whom the plaintiff anticipates it may send interrogatories.**

By October 31, 2012, to Defendant.

**c.     When and to whom the defendant anticipates it may send interrogatories.**

By January 31, 2013, to Plaintiff.

**d.     Of whom and by when the plaintiff anticipates taking oral depositions.**

By June 30, 3013, of Defendant and Plaintiff's health care providers.

**e.     Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the deposition of Plaintiff and/or her health care providers, and her husband, by August 15, 2013.

**f.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts by September 30, 2013.  BCBSTX will designate experts by November 15, 2013.

**g.     List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking BCBSTX's experts' depositions by December 31, 2013.

**h.     List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

BCBSTX anticipates taking Plaintiff's experts' depositions by October 31, 2013.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**12.      Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.      State the date the planned discovery can reasonably be completed.**

December 31, 2013

**14.      Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

BCBSTX counsel indicated BCBSTX's willingness to attempt to resolve the matter quickly and efficiently, before plaintiff's counsel expends time, effort and resources in filing a motion to remand the case to state court, and before the parties expend time, effort and resources in discovery.  BCBSTX counsel also indicated a willingness to grant plaintiff's counsel an extension of time to file a motion to remand while the parties attempt to negotiate a resolution.  BCBSTX counsel invited plaintiff's counsel to submit a settlement demand.  Plaintiff's counsel has done so, and is also willing to work toward settlement of this matter in good faith, before the time and expense of discovery and the use of resources by all Parties and the Court.  BCBSTX has tendered a settlement offer in response, and indicated a willingness to continue to negotiate a resolution.

**15.      Describe what each party has done or agreed to do to bring about a prompt resolution.**

See paragraph 14.

**16.      From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such techniques may be effectively used in this case.**

Mediation is the ADR technique most likely to be suitable.  Defendant feels it would be most effective if it takes place before discovery. Plaintiff welcomes discussion prior to and throughout discovery.

**17.      Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

**18.      State whether a jury demand has been made and if it was made on time.**

Plaintiff timely demanded a jury.

**19.      Specify the number of hours it will take to present the evidence in this case.**

The parties estimate 20-30 hours.

**20.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21.** **List other pending motions.**

None.

**22.** **Indicate other matters peculiar to this case, including discovery issues, that deserve the special attention of the Court at the conference.**

None.

**23.** **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff filed her Disclosure on September 10, 2012. Defendant filed its Disclosure on September 12, 2012.

**23.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Michael Patrick Doyle        (Plaintiff)
Texas Bar No. 0609560
Matthew S. Finkelstein
Texas Bar No. 24069719
Doyle Raizner LLP
One Houston Center
1221 McKinney, Suite 4100
Houston, Texas 77010
(713) 571-1146
(713) 571-1148 (fax)


Andrew F. MacRae        (Defendant)
State Bar No. 00784510
LEVATINO|PACE LLP
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
(512) 637-1581
(512) 637-1583 (fax)

5

| /s/ Matthew S. Finkelstein | October 12, 2012 |
|---|---|
| Counsel for Plaintiff | Date |

| /s Andrew F. MacRae | October 12, 2012 |
|---|---|
| Counsel for Defendant | Date |

## CERTIFICATE OF CONFERENCE

I hereby certify that before filing the foregoing Joint Discovery/Case Management Plan, I conferred with Matthew S. Finkelstein, counsel for Plaintiff Brenda Coghlan, who advised me he joins in and agrees with the Plan.

/s/ Andrew F. MacRae
Andrew F. MacRae

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Joint Discovery/Case Management Plan has been filed through the Southern District CM/ECF system this 12th day of October, 2012. I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record:

Michael Patrick Doyle
Matthew S. Finkelstein
Doyle Raizner LLP
One Houston Center
1221 McKinney, Suite 4100
Houston, Texas 77010

/s/ Andrew F. MacRae
ANDREW F. MacRAE