**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| BRENDA COGHLAN, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | No. 4:12-cv-2703 |
| BLUE CROSS BLUE SHIELD OF TEXAS, | § | |
| A DIVISION OF HEALTH CARE SERVICE | § | |
| CORPORATION, A MUTUAL LEGAL | § | |
| RESERVE COMPANY, | § | |
| Defendant | | |

## RESPONSE TO MOTION TO REMAND

Defendant Blue Cross Blue Shield of Texas ("BCBSTX" or "Defendant"), a division of Health Care Service Corporation, a Mutual Legal Reserve Company, ("HCSC") files this Response to Plaintiff's Motion to Remand ("Motion") (Doc. 9).

### INTRODUCTION

1.    BCBTX removed this case based on diversity jurisdiction.  Plaintiff does not dispute that the alleged amount in controversy exceeds the jurisdictional threshold of $75,000. She argues instead that there is no diversity between the parties because both are allegedly citizens of Texas.  The evidence is clear, however, that jurisdiction is proper in this Court and that Plaintiff's contention is incorrect as a matter of uncontroverted fact and the law governing jurisdiction. Indeed, the case of *Hesse v. Blue Cross Blue Shield of Texas*, No. 4:11-cv-362, 2011 U.S. Dist. LEXIS 102012 (E.D. Tex, August 15, 2011), in which the same arguments were rejected, is dispositive of the matter.

### FACTUAL BACKGROUND

2.    Plaintiff filed suit in the 133rd Judicial District Court of Harris County on August 7, 2012.

3.      After being served with the Petition and citation on August 16, 2012, BCBSTX

timely removed the case to this Court on September 10, 2012, on the following diversity

grounds:  BCBSTX is an operating division of HCSC, an Illinois corporation with its principal

place of business in Illinois; and it was apparent from an analysis of Plaintiff's allegations that

the amount in controversy pleaded in this action exceeds the jurisdictional sum of $75,000.00.

*See* Notice of Removal (Doc. 1).

4.      Importantly, BCBSTX is not a subsidiary of HCSC, it is a division.  With its

Notice of Removal, BCBSTX included the sworn declaration of its counsel, who averred:

> On December 31, 1998, Blue Cross Blue Shield of Texas, Inc. merged with Blue
> Cross Blue Shield of Illinois into Health Care Service Corporation ("HCSC"),
> which is a Mutual Legal Reserve Company.  HCSC is an Illinois corporation,
> with its principal place of business in Chicago, Illinois.  Since December 31,
> 1998, Blue Cross Blue Shield of Texas ("BCBSTX") has been, and still is, a
> division of HCSC.

Declaration of Andrew F. MacRae (Notice of Removal at Exhibit A).  This is consistent with the

Secretary of State's records, which indicate that BCBSTX merged into HCSC in 1998, and that

HCSC is the "survivor" of the merger.  *See* Exhibit 1 (Articles of Merger filed with Secretary of

State on December 8, 1998); and Exhibit 2 (printout from Secretary of State website identifying

HCSC as survivor entity).

5.      On October 12, 2012, however, Plaintiff filed a Motion to Remand.  She does not

contest that the amount in controversy exceeds $75,000.00.  She also does not contest that

BCBSTX is *not* a Texas corporation.  *See* Notice of Removal at ¶ 3 ("It is undisputed that

BC/BS Texas [sic] is incorporated in the State of Illinois").   Instead, Plaintiff relies on the

wholly irrelevant allegation that BCBSTX "operates its primary place of business in Richardson,

Texas," and therefore the parties are both citizens of Texas.  *Id*.

## ARGUMENT & AUTHORITIES

### BCBSTX is not a Citizen of Texas

6.      In determining whether parties are diverse for diversity jurisdiction purposes, a court does not focus on where a party does business, but on where the party is a citizen. *See* 28 U.S.C. 1441(b).  In determining the state(s) of which a corporation is a citizen, courts look to the both where a corporation is incorporated, and to its principal place of business.  *See* 28 U.S.C. 1332(c)(1).

7.      It is a longstanding principle that the state of which a corporate division is a citizen for purposes of determining diversity, is the state of which the corporation that owns the division is a citizen. *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); 13B C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3624 (1990 Supp. at 90 n. 22.1); *see also Doe v. Bayer Com.,* 344 F.Supp.2d 466, 468 (M.D.N.C. 2004) (denying remand because one defendant [unincorporated division of its parent company] was not a legal entity, so there was complete diversity between the parties); *Bennett v. Steak 'n Shake Operations, Inc.*, 2010 U.S. Dist. LEXIS 42186 at *4 (N.D. Tex. Apr. 28, 2010) (citing *Burnside v. Sanders Assocs., Inc.*, 507 F. Supp. 165, 166 (N.D. Tex. 1980)) (the citizenship of a parent corporation may be imputed to its subsidiary when the latter is not truly operating as a separate entity).

8.      Accordingly, in determining whether HCSC's unincorporated BCBSTX division is a Texas citizen for diversity purposes, the Court looks not to where the BCBSTX division may do business, but to the citizenship of HCSC.

9.      The uncontroverted facts establish that HCSC is a citizen of Illinois, not Texas. Plaintiff has not contested that HCSC is incorporated in Illinois.  *See* Notice of Removal at ¶ 3.

Nor has Plaintiff offered any evidence controverting the facts and documents submitted upon removal, which demonstrate that Illinois is in fact HCSC's principal place of business. *See* Notice of Removal at Exhibit A; *see also* Exhibits 1 and 2 attached hereto.

10.     Plaintiff relies misplacedly on information showing that BCBSTX does business in Texas.  *See* Exhibit B to Motion to Remand, Doc. 9-2; Exhibit C to Motion to Remand, Doc. 9-3. BCBSTX does not dispute that it does business in Texas, but that is irrelevant to the jurisdictional standard the Court must apply, which, in the case of an unincorporated division, is the principal place of business of the corporate entity, in this case HCSC.  *See Wisconsin Knife Works*, 781 F.2d at 1282; 13B C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3624 (1990 Supp. at 90 n. 22.1); *see also* Notice of Removal at Exhibit A.[1]

*Plaintiff's Arguments Have Been Rejected Before*

11.     Plaintiff's arguments have been rejected before.   In *Hesse v. Blue Cross Blue Shield of Texas*, No. 4:11-cv-362, 2011 U.S. Dist. LEXIS 102012 (E.D. Tex, August 15, 2011), the plaintiff, as here, pointed to the BCBSTX website to attempt to show that BCBSTX was a "subsidiary" of HCSC, in order to defeat diversity.  The court rejected the argument, noting that:

> A review of this website page illustrates that Defendant is a "division of Health Care Service Corporation...." *Plaintiff has offered no evidence that shows that Defendant is actually a citizen of Texas*. In this case, it is clear that Defendant is a division of HCSC, an Illinois corporation, with its principal place of business in Illinois. Therefore, Defendant is not a citizen of Texas for diversity purposes, diversity does exist between the parties, and the motion to remand should be denied.

2011 U.S. Dist. LEXIS 102012, *5-6 (emphasis added).[2]   The evidence in this case is almost identical to the evidence in the *Hesse* case. *See Hesse* at *4 (identifying evidence in support of

---

[1] The website printout on which Plaintiff relies even states that BCBSTX is a division of HCSC.  *See* Doc. 9-2, page 2 of 2.

[2] The *Hesse* opinion was written by a United States Magistrate Judge. It was adopted by the district judge. *See Hesse v. Blue Cross Blue Shield of Texas*, 2011 U.S. Dist. LEXIS 102001 (E.D. Tex., Sept. 9, 2011).

BCBSTX's response to the plaintiff's motion to remand).  Accordingly, as in *Hesse*, Plaintiff has offered no evidence that shows that Defendant is actually a citizen of Texas, and it is clear that BCBSTX is a division of HCSC, an Illinois corporation, with its principal place of business in Illinois. Therefore, BCBSTX is not a citizen of Texas for diversity purposes.

12.     Because BCBSTX is a citizen of Illinois, there is diversity between the parties, and this Court has jurisdiction.  The motion to remand should be denied.

<u>CONCLUSION</u>

Plaintiff's argument that this Court does not have diversity jurisdiction must be rejected. The evidence is clear that BCBSTX is a citizen of Illinois for diversity purposes, and Plaintiff's arguments have been rejected before, in a case that is dispositive of this one.  Accordingly, there is diversity of citizenship, and removal was proper.  The motion to remand should be denied.

Respectfully submitted,


By:___/s/ Andrew F. MacRae_____
    ANDREW F. MACRAE
    *State Bar No. 00784510*
    LEVATINO|PACE LLP
    1101 S. Capital of Texas Highway
    Building K, Suite 125
    Austin, Texas 78746
    Tel:   (512) 637-1581
    Fax:  (512) 637-1583

    ATTORNEYS FOR DEFENDANT
    BLUE CROSS BLUE SHIELD OF TEXAS,
    A DIVISION OF HEALTH CARE SERVICE
    CORPORATION, A MUTUAL LEGAL
    RESERVE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Response to Motion to Remand has been filed through the Southern District CM/ECF system this 31st day of October, 2012.  I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record:

Michael Patrick Doyle
Matthew S. Finkelstein
Doyle Raizner LLP
One Houston Center
1221 McKinney, Suite 4100
Houston, Texas 77010

/s/ Andrew F. MacRae
ANDREW F. MacRAE
