UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA COGHLAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2703 |
| | § | |
| BLUE CROSS BLUE SHIELD OF TEXAS, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Coghlan's ("Plaintiff" or "Coghlan") Motion to Remand. (Doc. No. 9.) After considering the motion, all responses thereto, and the applicable law, the Court finds that the motion must be **DENIED**.

I.   BACKGROUND

This lawsuit involves a dispute between Coghlan and her insurance provider, Blue Cross Blue Shield of Texas ("BCBS"), arising out of BCBS's alleged refusal to cover medical expenses related to Coghlan's pregnancy complications. (Doc. No. 1-2, Original Pet. ¶¶ 4.2–4.5.)

Coghlan purchased a life and health insurance policy from BCBS which provided for payment of certain medical expenses, beginning on October 1, 2005. (*Id*. ¶¶ 4.1–4.2.) The insurance policy did not provide coverage for routine maternity procedures, but did cover maternity care in cases of "emergency" or "complication of pregnancy." (*Id*. ¶ 4.2.) Coghlan became pregnant with a due date of September 7, 2011. (*Id*. ¶ 4.3.) Her doctors subsequently diagnosed her with gestational diabetes, and observed other pregnancy complications. (*Id*.) The

1

doctors concluded that these complications posed a life-threatening risk to both Coghlan and her unborn baby. (*Id.* ¶ 4.4.) Consequently, they performed an emergency Cesarean section operation. (*Id.*) However, when Plaintiff sought coverage for the above medical treatment from BCBS, BCBS issued a denial of coverage for all of the costs associated with the medical care Coghlan received for her pregnancy complications. (*Id.* ¶ 4.5.) BCBS also denied Coghlan's subsequent appeals of its denial. (*Id.* ¶ 4.6.)

Coghlan then brought this lawsuit in state court. She alleges BCBS committed numerous violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. (*Id.* ¶¶ 5.1–7.2, 12.1–12.3.) She also asserts breach of contract, breach of the duty of good faith and fair dealing, negligence, and fraud. (*Id.* ¶¶ 8.1–11.2, 13.1–13.2.) She sues for damages in excess of $125,000.00. BCBS removed the case, alleging that complete diversity exists because BCBS is a division of Health Care Service Corporation ("HCSC"), a corporation incorporated in Illinois and with a principal place of business in Illinois. (Doc. No. 1, Notice of Removal ¶ 3.) Plaintiff then filed the Motion to Remand currently pending before this Court, arguing that no diversity exists because BCBS maintains a principal place of business in Texas. (*See generally* Mot.)

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and possess only the power authorized by Constitution and statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (citations omitted). The removal statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign

2

state." 28 U.S.C. § 1332(a)(2). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). The court must strictly construe the removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

**III.   ANALYSIS**

In her Motion to Remand, Plaintiff contends the Court should consider where BCBS has its principal place of business. (*See generally* Mot.) She presents evidence, primarily from BCBS's website, showing that the only place BCBS conducts business is Texas and that the "nerve center" of BCBS is in Richardson, Texas. (*Id.* ¶¶ 11–16.) BCBS responds that, because it is an unincorporated division of HCSC, where it conducts business, principally or otherwise, is irrelevant. (Doc. No. 11, Resp. ¶¶ 6–10.) Parties do not dispute that the amount in controversy exceeds $75,000.

For purposes of federal court diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Courts have recognized that "a subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business." *Burnside v. Sanders Assocs., Inc.*, 507 F. Supp 165, 166 (N.D. Tex. 1980); *see also Bennett v. Steak 'N Shake Operations, Inc.*, No. 3:10-CV-394-M, 2010 WL 2400160, at *1–2 (N.D. Tex. June 14, 2010). Although the Court is not aware of Fifth Circuit precedent on the citizenship of unincorporated divisions, courts that have considered the issue have consistently held that unincorporated divisions are citizens of the state of which the corporation that owns the division is a citizen. *See, e.g.*, *Brietman v. May Co. Cal.*, 37 F.3d 562,

3

564 (9th Cir. 1994) (declining to extend the "rule that permits an incorporated subsidiary to possess citizenship independent of its parent corporation" to unincorporated divisions because a "division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes"); *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("[T]he state of which [a division] is a citizen for purposes of determining diversity is the state of which the corporation that owns the division is a citizen."); *see also Doe v. Bayer Corp.*, 344 F. Supp. 2d 466, 468–69 (M.D.N.C. 2004); *United Computer Capital Corp. v. Secure Prods., L.P.*, 218 F. Supp. 2d 273, 279 (N.D.N.Y. 2002); *Planning & Dev. Dept. v. Daughters of Union Veterans of Civil War*, No. 05-72328, 2005 WL 3163393, at *3–4 (E.D. Mich. 2005). Indeed, a district court in Texas recently held as much with regard to BCBS itself. *See Hesse v. Blue Cross Blue Shield of Tex.*, No. 4:11CV362, 2011 WL 4025453, at *2 (E.D. Tex. Aug. 15, 2011) ("[I]t is clear that Defendant is a division of HCSC, an Illinois corporation, with its principal place of business in Illinois. Therefore, Defendant is not a citizen of Texas for diversity purposes. . . .").

      The Court must agree with Defendant that the principal place of business of BCBS is not relevant because it is an unincorporated division. (*See* Notice of Removal, Ex. A, Andrew F. MacRae Decl. ¶ 2; Resp. ¶ 8.) The Court is aware of no case that extends the subsidiary rule to unincorporated divisions. As such, Plaintiff's evidence that BCBS's principal place of business is in Texas is of no consequence. (*See* Mot. ¶¶ 11–16.) Plaintiff's argument that *Hesse* is distinguishable because there the plaintiff had put forth no evidence that BCBS's principal place of business was in Texas also misses the point. (Doc. No. 12, Reply ¶ 1.) In *Hesse*, the plaintiff had argued that BCBS was a subsidiary, thereby making its principal place of business potentially relevant to determining its citizenship. *Hesse*, 2011 WL 4025453, at * 2. Here,

Plaintiff never argues that BCBS is a subsidiary and not a division. (*See generally* Mot.; Reply.) In fact, Plaintiff argues that BCBS's principal place of business is determinative regardless of its status as an unincorporated division. (*See* Reply ¶ 2 (arguing that "any technicality of how the business is incorporated should be disregarded" and reiterating that BCBS's principal place of business is Texas "regardless of its status as a subsidiary or division of an Illinois parent corporation").) Plaintiff's argument is not supported by any precedent, and her Motion to Remand must be **DENIED**.

## IV. CONCLUSION

For the reasons discussed above, the Court finds Plaintiffs' Motion to Remand (Doc. No. 9) must be **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 14th day of January, 2013.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE